IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In Re:

DAVID ALAN WATSON,   Bankruptcy Case No. 1:10-bk-01292
                    (Chapter 7)
         Debtor.

DAVID ALAN WATSON,

         Plaintiff

v.                  AP NO. 10-00109

STONEWALL JACKSON MEMORIAL
HOSPITAL COMPANY and
STEPTOE & JOHNSON PLLC,

         Defendants.

**DEFENDANTS' MOTION TO DISMISS**

Come now the Defendants, Stonewall Jackson Memorial Hospital Company ("Stonewall Jackson") and Steptoe & Johnson PLLC ("Steptoe"), by and through Donald J. Epperly, their counsel, and hereby respectfully move this Court, pursuant to Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure, for entry of an order dismissing the Plaintiff's complaint for the reason that the complaint fails to state a claim upon which relief can be granted or, in the alternative, requiring the Plaintiff to provide a more definite statement as to the basis for his claims against Stonewall Jackson and Steptoe, and in support thereof assert the following:

  1.   On June 21, 2010 (the "Petition Date"), David Alan Watson (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

5494600

2.     In the schedules attached to his petition, the Debtor lists a total of four creditors, to wit: (i) United National Bank (claim of $63,300 secured by 1st Deed of Trust on Debtor's residence); (ii) Fairmont Federal Credit Union (claims of $56,039.98 secured by 2nd Deed of Trust on Debtor's residence and $25,457 secured by Debtor's vehicle); (iii) US Department of Education (claim of $96,808.65); and (iv) Stonewall Jackson (claim of $600,000, disputed by the Debtor).

3.     Both the Debtor's schedules and his testimony at the meeting of creditors held August 4, 2010 establish his intention to: (i) remain current on his obligations to United National Bank and Fairmont Federal Credit Union and retain his residence and; (ii) reaffirm the indebtedness owed to Fairmont Federal Credit Union and retain his vehicle.

4.     Although not addressed directly in his schedules or testimony at the meeting of creditors, it is assumed that the Debtor does not intend to seek avoidance of his student loan obligations to the US Department of Education as an undue hardship on the Debtor.

5.     The Debtor's schedules and his testimony at the meeting of creditors further indicate that after payment of all expenses, including monthly payments due to all other creditors in this case, the Debtor maintains a net income of $5,878.74 per month.

6.     On August 11, 2010 Stonewall Jackson filed its amended proof of claim asserting a general unsecured claim in the amount of $223,703.63 for obligations of the Debtor arising under certain income guarantee and employment agreements by and between the Debtor and Stonewall Jackson (the "Claim").

7.     Pursuant to the provisions of 11 U.S.C. § 501(a), Stonewall Jackson was entitled to file the Claim.

5494600

8. The Claim, filed within 90 days after the first date set for the meeting of creditors: (i) conformed substantially to the appropriate Official Form; (ii) was executed by an authorized agent of Stonewall Jackson; and (iii) attached duplicates of the income guarantee and employment agreements, together with a breakdown of the amount asserted as being due, exclusive of any claims for unliquidated damages potentially arising under the aforementioned agreements between the parties. As such, the Claim complied in all respects with the requirements set forth in Rules 3001 and 3002 of the Federal Rules of Bankruptcy Procedure.

9. The Claim, having been executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, constitutes prima facie evidence of the validity and amount of Stonewall Jackson's claim, pursuant to Rule 3001(f), and is deemed allowed pursuant to 11 U.S.C. § 502(a) unless a party in interest objects.

10. Despite the Debtor's bald assertion that the Claim "does not conform to the evidence set forth in the Complaint and Exhibits" due to the reduction in the amount of the Claim as compared to the amounts demanded by Stonewall Jackson pre-petition, the Debtor does not dispute that the Claim sets forth an amount no greater than that sought previously by Stonewall Jackson.

11. The Claim, as filed, represents those actual, liquidated damages arising from the Debtor's breach of the agreements at issue which can be readily established by Stonewall Jackson, but does not contain any unliquidated or contingent claims for punitive damages previously asserted by Stonewall Jackson in preparation for the mediation which was to have been held between the parties. Any attempts at mediation were thwarted by the Debtor's filing of the immediate bankruptcy case.

5494600

12. The Debtor can point to no statutory provision or common law which suggests that a creditor filing a claim for an amount less than originally asserted commits fraud upon the Court or the debtor in so doing, nor can the Debtor establish any set of facts which could give rise to damages to the Debtor based upon the lawful actions of Stonewall Jackson and Steptoe in simply filing a proof of claim in this case. As such, the Debtor's claims and allegations of fraud are not pled with the specificity required by Federal Rule of Bankruptcy Procedure 7009(b).

13. Only in the context of this case, where the Debtor is blatantly attempting to discharge his obligations to Stonewall Jackson in a Chapter 7 at a time when it is abundantly clear that he has the present intent and ability to pay all other creditors in full and the present ability to pay Stonewall Jackson's Claim in full in just over 3 years, would the Court ever hear a debtor arguing that the claim of a creditor, as filed, is less than the amount due.

14. The actions of Stonewall Jackson in filing a proof of claim for an amount equal to the actual, liquidated damages arising from the Debtor's breach of the agreements between the parties was not only within its rights, but further authorized by the Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure. As such, the Debtor's complaint fails to state a claim upon which relief can be granted.

15. Furthermore, to the extent that Debtor finds the Claim objectionable, he should avail himself of the claims objection process set forth in 11 U.S.C. §502(b) rather than filing a frivolous action seeking damages arising from the lawful, authorized conduct of Stonewall Jackson and Steptoe.

WHEREFORE, Stonewall Jackson Memorial Hospital Company and Steptoe & Johnson PLLC respectfully request that the Court dismiss this action

5494600

Dated this 2nd day of September, 2010.

       /s/   Donald J. Epperly
Donald J. Epperly (W. Va. Bar No. 6579)

STEPTOE & JOHNSON PLLC
400 White Oaks Blvd.
Bridgeport, West Virginia 26330
(304) 933-8000
(304) 933-8183 (Facsimile)

Donald.Epperly@Steptoe-Johnson.com
Attorney for Defendants

5494600

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2010, I served the foregoing "Defendants' Motion to Dismiss" by filing the same with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to the following counsel:

        Michael G. Clagett, Esquire
        Clagett Law Office
        200 Grande Meadows
        Bridgeport, WV 26330
        Counsel for Plaintiff


        /s/    Donald J. Epperly
        Donald J. Epperly (W. Va. Bar No. 6579)

        STEPTOE & JOHNSON PLLC
        400 White Oaks Blvd.
        Bridgeport, West Virginia 26330
        (304) 933-8000
        (304) 933-8183 (Facsimile)

        Donald.Epperly@Steptoe-Johnson.com
        Attorney Defendants