Order Entered.

No. 1:10-ap-00109   Doc 11   Filed 11/01/10   Entered 11/01/10 16:21:03   Page 1 of 6

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, November 01, 2010 3:59:24 PM

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID ALAN WATSON, | ) | Case No. 10-1292 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| DAVID ALAN WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 10-109 |
| | ) | |
| STONEWALL JACKSON MEMORIAL | ) | |
| HOSPITAL COMPANY and STEPTOE & | ) | |
| JOHNSON PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPININON

Stonewall Jackson Memorial Hospital and Steptoe & Johnson, PLLC (collectively, the "Hospital") seek to dismiss this adversary proceeding filed against it by David Alan Watson (the "Debtor") on the grounds that the Debtor failed to state a claim upon which relief may be granted. The Debtor responds that this adversary proceeding states a claim for contempt under 11 U.S.C. § 105 due to the Hospital's filing of an allegedly false or fraudulent proof of claim.

For the reasons stated herein, the court will deny the motion to dismiss.

### I. STANDARD OF REVIEW

In adjudicating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

Page 1 of 6

a court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, and a court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). This tenant, however, is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Defeating a motion for relief under Rule 12(b)(6) requires the plaintiff to provide more in the complaint than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right of relief above the speculative level," *id.* at 1959, and be enough to "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at 1949. Determining whether a complaint is "facially plausible" is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.* at 1950.

## II. BACKGROUND

As alleged in the Debtor's complaint, when he filed his June 21, 2010 Chapter 7 bankruptcy petition, he had secured debts for his home and automobile totaling $144,796.98, and an unsecured student loan for $96,808.65, for a total consumer debt amount of $241,605.63. In addition, the Debtor listed a debt owing to the Hospital for $600,000, which the Debtor claims is a business debt. Thus, on his schedules accompanying his bankruptcy petition, the Debtor claims to have primarily business debts meaning that he was not subject to means testing or other provisions of 11 U.S.C. § 707(b).

The debt owed to the Hospital arises out of an alleged breach of a June 10, 2004 Income Guarantee Agreement, which was executed by the parties for the purpose of enticing the Debtor to open a medical practice in the Hospital's service area. The Hospital terminated the Debtor's employment as of August 5, 2009, and on May 20, 2009, the Hospital provided the Debtor with a spreadsheet stating that $573,099.41 remained to be paid to the Hospital under the Income Guarantee Agreement. By April 6, 2010, the Hospital modified its demand and agreed to accept $320,358.17 plus interest. On June 25, 2010, however – four days after the Debtor's Chapter 7 bankruptcy petition – the Hospital asserted that the Debtor owed it $600,000 plus interest.

On August 3, 2010, the Hospital filed its proof of claim (although the Chapter 7 trustee had not yet designated the case as one having assets) for $223,703.63. At the Debtor's meeting of creditors on August 4, 2010, the Hospital represented that it was unaware that any other funds were due to it. If the Hospital is only owed $223,703.63, and if combined with the Debtor's other unsecured debts, he would fall under the unsecured debt eligibility limits for filing a Chapter 13 case. 11 U.S.C. § 109(e) (providing an unsecured debt limit of $336,900 in 2010). Likewise, as asserted by the Debtor, his total business debt may be less than his total consumer debts – meaning that he may be subject to means testing under § 707(b).

### III. DISCUSSION

The Debtor contends that the Hospital filed a false or fraudulent proof of claim for the purpose of subjecting him to means testing under 11 U.S.C. § 707(b) and to put him within the eligibility debt limits for a Chapter 13 case under § 109(e). In the Debtor's view, filing a claim for less than the amount owed is tantamount to filing a false claim, and is a fraud on both the Debtor and the court.

The Hospital argues that the Debtor has failed to point to any statutory provision or common law right that suggests that a creditor filing a proof of claim for less than the amount originally asserted is fraudulent. Similarly, the Hospital states that the Debtor has not suffered any damage as a result of its actions.

The filing of a false proof of claim in a bankruptcy case is a crime under 18 U.S.C. § 152(4). Although a crime, Congress did not create any private right of action for violation of § 152(4). *E.g.*, *Clayton v. Raleigh Federal Savings Bank*, No. 96-1696, 1997 U.S. App. LEXIS 3503 (4th Cir. Feb. 27, 1997) ("We agree with the magistrate judge that neither statute cited in the amended complaint [including 18 U.S.C. § 152(4)] gives rise to a private cause of action."); *see also Heavrin v. Boeing Capital Corp.*, 246 F. Supp.2d 728, 731 (W.D. Ky 2003) (same), *aff'd*, 384 F.3d 199 (6th Cir. 2004).

Although the federal criminal statute prohibiting the falsifying of a proof of claim does not provide a party with a civil right of action, a bankruptcy court is empowered by 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The statute specifically allows a bankruptcy court to take "any action . . . necessary or appropriate . . . to prevent an abuse of process." *Id.*; *see also Marrama v. Citizens Bank of Mass.*

549 U.S. 365, 375 (2007) (noting that bankruptcy courts have "broad authority" under § 105(a)). As stated by the Court of Appeals for the First Circuit in *Bessette v. Avco Fin. Servs.*, 230 F.3d 439, 444-45 (1st Cir. 2000), "§ 105 does not itself create a private right of action, but a court may invoke § 105(a) 'if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code,' so long as the court acts consistent with the Code and does not alter the Code's distribution or other substantive rights."

When a creditor files a false or fraudulent proof of claim, that filing contravenes the purpose of a specific bankruptcy statute and rule. Namely, under 11 U.S.C. § 501, a creditor is allowed to file a proof of claim, and under § 502(a), the mere filing of a proof of claim means that it is deemed allowed. Under Fed. R. Bankr. P. 3001(f), a proof of claim filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. When a creditor files a false or fraudulent proof of claim, which is deemed allowed by § 502(a), and entitled to prima facie presumption of validity and amount by Rule 3001(f), the creditor is abusing the bankruptcy process. *E.g.*, *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 356 n.1 (5th Cir. 2008) (noting that a bankruptcy court may use § 105 to impose sanctions on parties that abuse the procedural mechanism related to the filing of a proof of claim); *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 241 (B.A.P. 9th Cir. 2008) ("[I]f a purported creditor abuses the claims process, we are confident that § 105(a) provides an effective mechanism for addressing that misconduct."); *Rojas v. Citi Corp Trust Bank FSB (In re Rojas)*, No. 09-7003, 2009 Bankr. LEXIS 2220 at *27 (Bankr. S.D. Tex. Aug 12, 2009) (holding that § 105(a) may be used in support of § 502 and Rule 3001 to hold a creditor in contempt for filing a false proof of claim); *In re Varona*, 388 B.R. 705, 717 (Bankr. E.D. Va. 2008) ("[Section] 105 may be used to sanction the filing of a proof of claim violative of the Bankruptcy Code . . . . The filing of a false or fraudulent claim would unquestionably constitute an abuse of the claims process as well as an attempted fraud upon the court.").

Some courts have refused to recognize a cause of action on behalf of a debtor for a creditor's filing of an allegedly false or fraudulent proof of claim. *E.g.*, *Holloway v. Houshold Automotive Finance Corp.*, 227 B.R. 501, 506-07 (N.D. Ill. 1998) ("[T]o imply a private right of action under § 105(a) would undermine and be inconsistent with the underlying legislative scheme imposed by the Bankruptcy Code. Congress specifically enacted § 1330(a) to remedy confirmation orders

procured by fraud, and implying a private remedy for fraud would be inconsistent with this purpose. For these reasons we conclude that Congress never intended § 105(a) to serve as a private remedy against fraudulent proofs of claim and that Plaintiff is not entitled to any remedy under that provision."); *Smith v. Oak Grove Utility Co., LLC (In re Smith)*, No. 08-137, 2009 Bankr. LEXIS 78 (Bankr. D. Md. Jan. 16, 2009) (holding that nothing in §§ 105(a) or 501 of the Bankruptcy Code supported the debtor's claim against the creditor for filing a false or fraudulent proof of claim); *In re Rogers*, 391 B.R. 317, 323 (Bankr. M.D. La. 2008) (dismissing part of the debtor's complaint on the grounds that "as a matter of law, the debtors do not have a private right of action under section 105 against B-Real for filing proofs of claim for time-barred debts.").

It appears, however, that in each of these cases the moving parties were seeking to prosecute a private right of action and were not seeking a contempt sanction. In an analogous situation, with respect to violations of the Bankruptcy Code's discharge injunction, courts routinely allow debtors to prosecute those causes of action for contempt recognizing that no private right of action exists to remedy a discharge injunction violation. *E.g.*, *Pague v. Harshman (In re Pague)*, No. 09-71, 2010 Bankr. LEXIS 912 at *20 (Bankr. N.D.W. Va. April 5, 2010) ("Once a violation of the discharge injunction has been established, a bankruptcy court is empowered to impose remedial sanctions, and to ensure future compliance with the court's order of discharge."); *Johnston v. Telecheck Servs. (In re Johnston)*, 362 B.R. 730, 738-39 (Bankr. N.D.W. Va. 2007) (explaining why the discharge injunction of § 524 does not provide a private right of action). It would be illogical to, on one hand, recognize the right of a debtor to bring a contempt action for violation of the discharge injunction, and then, on the other, dismiss a contempt cause of action brought by the debtor to remedy a creditor's allegedly false or fraudulent proof of claim that abuses §§ 501 and 502 of the Bankruptcy Code and Rule 3001(f).

Some courts have refused to recognize a right of action by a debtor under § 105(a) against a creditor for the creditor's alleged filing of a false or fraudulent proof of claim on the grounds that Fed. R. Bankr. P. 9011 would provide the debtor with a remedy for such an alleged abuse. *E.g.*, *Smith*, 2009 Bankr. LEXIS 78 at *13 ("The proper procedure for a debtor to follow upon filing of a proof of claim that the debtor believes to be 'false and fraudulent' is to send the 21-day notice under Fed. R. Bankr. P. 9011(c)(1)(A), and then seek sanctions if it is not withdrawn."); Bruce H.

White & Maria H. Belfield, *Remedies Available to a Party Injured by a Fraudulent or False Proof of Claim*, 17-3 A.B.I.J. 43 (April 1998) (stating that no private right of action exists under 18 U.S.C. § 152, and then discussing the applicability of Rule 9011 in remedying an allegedly false or fraudulent proof of claim). Among other things, Rule 9011 sanctions the filer of a claim if the claim is not warranted by existing law, Rule 9011(b)(2), or if the allegations or factual contentions in the proof of claim do not have evidentiary support, Rule 9011(b)(3).

Rule 9011, however, like is counterpart, Fed. R. Civ. P. 11, has never been an exclusive remedy for an aggrieved party; rather, nothing precludes a party from pursuing other causes of action aimed at remedying the same wrong, such as seeking sanctions under 28 U.S.C. § 1927 (imposing sanctions for unreasonably and vexatiously multiplying proceedings), or relying on the inherent power of the court to impose sanctions for bad faith conduct. *E.g.*, 2 *Moore's Federal Practice – Civil* § 11.41[1] (2010) ("The inherent power of federal courts to impose sanctions for bad-faith conduct in the course of litigation is not displaced by the sanctioning provision of Section 1927 or Rule 11. Moreover, the district court is not required to apply other sanctions provisions first."). Consequently, this court does not believe that the availability of Rule 9011 sanctions to a party to address an allegedly false or fraudulent proof of claim is an exclusive remedy.

Accordingly, like *Varona*, 388 B.R. at 717, this court recognizes a cause of action for contempt under 11 U.S.C. § 105(a) when a creditor allegedly seeks to abuse the provisions of the Bankruptcy Code – namely §§ 501 and 502 and Rule 3001 – by filing a purportedly false or fraudulent proof of claim. Holding a creditor in contempt under § 105 is an appropriate remedy to prevent an abuse of the proof of claim process and safeguards the integrity of the proof of claim process.

## IV. CONCLUSION

For the above-stated reasons, the court will enter a separate order pursuant to Fed. R. Bankr. P. 7058 that denies the Hospital's motion to dismiss.